■ EVANS PRODUCTS COMPANY, Respondent, v JOHN DECKER et al., Appellants.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered February 4, 1975 in Franklin County, upon a decision of the court at a Trial Term without a jury. The proof adduced at the trial establishes the following: On October 4, 1972 the parties entered into a lease agreement which consisted of four separate documents, namely, a short-form lease, a lease agreement, a purchase and sale agreement and a contract to purchase certain business assets. Under the agreement the defendants leased to the plaintiff the premises at which defendants conducted a building supply business; plaintiff was given the option to purchase the premises at any time after the end of the third year for the sum of $210,000, in accordance with the purchase and sale agreement. Also included in the lease was a personal covenant by the defendants whereby they agreed not to compete with the plaintiff anywhere within the State of New York for a period of 15 years, in consideration for the purchase of certain assets by the plaintiff and for the performance by the plaintiff of its obligations under the agreement. Under the purchase and sale agreement the defendants agreed that, if plaintiff exercised its option to purchase, the use of any land then owned by the defendants within the Counties of Essex and Franklin would be restricted for a period of 15 years. On the following day, October 5, 1972, the parties executed a lease modification agreement whereby the defendants were given the option of requiring the plaintiff to purchase the premises for $210,000; all other terms and conditions of the lease, however, remained unchanged. Thereafter, and prior to the time that the plaintiff was to enter into possession of the premises under the terms of the lease, the defendants exercised their option to sell, and compelled the plaintiff to purchase the premises. Upon the conveyance of title in January, 1973, and in compliance with the purchase and sale agreement, the defendants executed a covenant agreeing that: "no other commercial lands within

the counties of Essex and Franklin, State of New York, in which the [defendants] now have an interest, direct or indirect, may be used, for a period of fifteen (15) years after the date of January 8, 1973, for the sale at retail, wholesale or otherwise, with inside and outside storage, of lumber, wood building material, hardware (exclusive of plumbing and heating) and paint, for any of the foregoing." Subsequent to the transfer of the premises to the plaintiff, the defendants opened a competing store at a new location in Saranac Lake in violation of the personal covenant not to compete contained in the lease agreement, and as a result of which this action was instituted. On this appeal defendants contend that the personal covenant of October 4, 1972 is not enforceable because the lease in which it is contained never became effective; that the option to sell was exercised by the defendants on December 26, 1972, several days before the commencement of the lease period; that once title to the premises was conveyed, the lease was extinguished through the concept of merger, and the subsequent covenant restricting the use of defendants' lands supersedes the prior personal covenant not to compete. We conclude, as did the trial court, that the personal restrictive covenant contained in the lease dated October 4, 1972 remains in effect and continues to be operative, notwithstanding the subsequent protective agreement of January 8, 1973 whereby the defendants covenanted to restrict the use of their lands within the Counties of Essex and Franklin. While the intent and purpose of a written instrument is to be ascertained from the instrument itself, it is a well-established rule of contract law that all contemporaneous instruments between the same parties relating to the same subject matter are to be read together and interpreted as forming part of one and the same transaction *(Nau v Vulcan Rail & Constr. Co.,* 286 NY 188; *Marsh v Dodge,* 66 NY 533; cf. *Lane Constr. Co. v Winona Constr. Co.,* 49 AD2d 142, 145-146). It is clear, therefore, that under the facts of the instant case, the instruments in question all involve the same subject matter and should be construed together. The land use restriction covenant of January 8, 1973 is entirely consistent with the personal covenant not to compete of October 4, 1972, and cannot be said to supersede that covenant. The defendants having exercised their option to sell, all that was expected of the plaintiff was to purchase the premises; when he did, the agreement of October 4, 1972 was fully executed. The January 8, 1973 covenant restricting the land use was a separate and complementary agreement made in consideration for the transfer of title to the premises, and not as a substitute for the agreement of October 4, 1972. Since all the documents must be construed together, and they are consistent with each other, it follows that both restrictive covenants coexist, and are enforceable independently of each other. Defendants argue additionally, that the exercise of the option to sell terminated the lease and all obligations thereunder, and therefore, the doctrine of merger applies. This argument must be rejected as inapplicable to the facts of the instant case. The doctrine of merger is not favored in equity, and whether there is a merger of a lesser estate in a greater, or an equitable in a legal estate, is largely a question of the intention of the parties to be gathered to a great extent from the situation of the parties and the surrounding circumstances. Equity looks at the real intent of the parties and not at the mere external form. In the absence of an expressed intent equity will ascertain it from all the circumstances surrounding the the transaction. If it appears to be against the interest of the party acquiring both estates to have a merger take place, then equity will presume that it was his intention that there should not be a merger *(Rae Co. v Courtney,* 250 NY 271; *Sweet v Henry,* 175 NY 268;

*Smith v Roberts,* 91 NY 470). Accordingly, we conclude that the personal covenant is a separate and distinct agreement, and was not extinguished by the land use agreement. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.