■ KENT'S LOUNGE, INC., Appellant, v CITY OF NEW YORK et al., Respondents. — In (1) a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Standards and Appeals of the City of New York dated September 8, 1982, which denied an application to amend the certificate of occupancy of the subject premises so as to permit, *inter alia,* recreational dancing, and (2) an action seeking, *inter alia,* a judgment declaring section 32-15 of the New York City Zoning Resolution unconstitutional, petitioner appeals from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated August 8, 1983, which, *inter alia,* (a) confirmed the determination and dismissed the proceeding on the merits and (b) declared that "Sec. 32-15 of the New York City Zoning Resolution is not invalid by reason of being unconstitutionally infirm".

Judgment affirmed, without costs or disbursements.

Petitioner is the lessee of certain premises in Staten Island. The premises are located in a C 1-1 (local retail) zoning district wherein, pursuant to the respondent Board of Standards and Appeals interpretation of the New York City Zoning Resolution, the operation of "Eating or drinking places" is permitted without recreational dancing (New York City Zoning Resolution, §§ 32-15, 32-21).

In the declaratory judgment action commenced by petitioner, and again on the instant appeal, petitioner argued, *inter alia,* that (1) recreational dancing is a form of speech protected by the First Amendment and (2) the New York City Zoning Resolution's blanket prohibition of recreational dancing in the zoning district in which the subject premises is located, represented an unconstitutional abridgement of petitioner's First Amendment right of freedom of speech.

We agree with the holding of Special Term, i.e., that recreational dancing is not a form of speech protected by the First Amendment.

In *Commonwealth v Blackgammon's, Inc.* (382 Mass 610, 417 NE2d 377, 378), defendant was charged, *inter alia,* with offering entertainment "by means of * * * dancing for a fee" without the required license. The defendant argued that the statute under which it was convicted was invalid because its licensing requirements extended "to expression and conduct protected by the First Amendment of the Constitution of the United States" (*Commonwealth v Blackgammon's, Inc.,* 417 NE2d 377, 383, *supra*). In rejecting the defendant's argument, the Supreme Judicial Court of Massachusetts held (*Commonwealth v Blackgammon's, Inc., supra,* p 384): "[T]he types of entertainment which the complaint alleges the defendants offered to the public for a fee, without first obtaining a license to do so, are not to the same extent forms of expression protected by the First Amendment * * * It is apparent that the dancing involved here is not that of a performer, paid or otherwise, whose performance is presented for the entertainment of the public * * * but recreational dancing by members of the public themselves". In a similar vein, the Supreme Court of California held in *Sunset Amusement Co. v Board of Police Comrs.* (7 Cal 3d 64, 74, app dsmd 409 US 1121) that roller skating is not a constitutionally protected form of speech, stating: "[N]o case has ever held or suggested that simple physical activity falls within the ambit of the First Amendment, at least in the absence of some element of communicating or advancing ideas or beliefs * * * The key element is, of course, *communication* * * * it seems inescapable that petitioners' patrons primarily use the facilities for physical exercise and personal pleasure; [the] element of communication between an artist or performer and his audience seems entirely lacking". Petitioner's reliance on *Merco Props. v Guggenheimer* (395 F Supp 1322) is, in our view, misplaced. In *Merco* (*supra,* p 1328), the plaintiff argued, *inter alia,* that the city's denial of its application for a cabaret license prevented it from "permitting performing artists to exercise their rights to freedom of expression". It is within that particular context that the court in *Merco*

held that "musical entertainment, singing and dancing are considered communicative forms of expression, as opposed to unprivileged conduct" (*Merco Props. v Guggenheimer, supra,* p 1328). Indeed, the United States District Court in *Merco* relied on the decision of the United States Supreme Court in *Doran v Salem Inn* (422 US 922), which, as Special Term correctly noted, involved dancing performed by a performer for an audience, and not recreational dancing by the patrons themselves. Accordingly, petitioner's argument must be rejected (see *Commonwealth v Blackgammon's, Inc., supra; Schad v Mount Ephraim,* 452 US 61, 68).

We have reviewed the remaining arguments raised by petitioner and find them to be without merit. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.