■ In the Matter of MANSHUL CONSTRUCTION CORP., Respondent, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant. [596 NYS2d 475] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City School Construction Authority dated November 22, 1989, which found the petitioner had not met the prequalification requirement to bid on contracts, the appeal, as limited by the appellant's brief, is from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated January 22, 1991, as denied those branches of its cross motion which were to dismiss the petitioner's sixth and seventh causes of action or, in the alternative, to dismiss the proceeding as untimely.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the cross motion which were to dismiss the petitioner's sixth and seventh causes of action in their entirety and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The doctrine of collateral estoppel precludes a party from relitigating " 'an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point' " (Kaufman v Lilly & Co., 65 NY2d 449, 455, quoting Gilberg v Barbieri, 53 NY2d 285, 291; see, Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 69). In a prior Federal action between the parties which was dismissed, the United States District Court for the Eastern District of New York applied New York State law in determining whether the petitioner had a liberty or property interest created or recognized by State law (see, Board of Regents v Roth, 408 US 564, 570; Matter of Economico v Village of Pelham, 50 NY2d 120, 125), and granted the appellant's motion to dismiss the petitioner's cause of action alleging violations of its due process rights under the Federal and State Constitutions. That decision necessarily determined that, under the circumstances of this case, the petitioner has no liberty or property interest created or recognized by State law. Therefore, relitigation of this issue is barred by collateral estoppel.

Furthermore, we have held that the Equal Protection Clause in the New York State Constitution (NY Const, art I, § 11) is no broader in coverage than its Federal counterpart, and this equation with the Federal provision extends to the requirement of "State action" in order for the Equal Protection Clause to be applicable (see, Under 21, Catholic Home Bur. for Dependent Children v City of New York, 65 NY2d 344, 360, n 6; Matter of Esler v Walters, 56 NY2d 306, 313-314; Dorsey v Stuyvesant Town Corp., 299 NY 512, 530-531, cert denied 339 US 981). The petitioner simply seeks to relitigate the very same issue which was decided adversely to it in Federal court. Accordingly, based on the principle of collateral estoppel, the petitioner's equal protection claim under the State Constitution should also be dismissed.

We reject the appellant's contention that this proceeding is untimely. The dismissal of the pendent State law claims in the Federal action because the Federal claims were insubstantial triggered the protection of CPLR 205 (a), thereby affording the petitioner six months within which to bring another action in State court. This proceeding was timely commenced within six months after the Federal action was dismissed. Mangano, P. J., Bracken, Sullivan and Lawrence, JJ., concur.