■ Ricky Brown et al., Appellants, v State of New York, Respondent. [633 NYS2d 409] —Spain, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered March 30, 1994, which granted the State's motion to dismiss the claim.

Claimants are African-American men and women who were students attending the State University of New York, College at Oneonta (hereinafter SUCO) and/or residents of the City of Oneonta, Otsego County, in September 1992, as well as all others similarly situated. On September 4, 1992, a 77-year-old woman was allegedly attacked during an attempted burglary of a house in the vicinity of Oneonta; she reported to law enforcement officials that she believed the perpetrator was a young African-American male who sustained a superficial knife wound to his hand during the incident. Thereafter, law enforcement authorities allegedly sought and obtained a list of the names and addresses of all African-American male students attending SUCO. Claimants allege that law enforcement officials then "sought out, approached, questioned, seized and/or searched every person on that list", allegedly conducting a five-day "sweep" of Oneonta during which they attempted to stop, question and examine the hands of all nonwhite males and some nonwhite females.

Claimants thereafter commenced this claim in the Court of Claims against the State and various law enforcement officials and agencies. The claim originally set forth 11 causes of action based on various State and Federal constitutional and civil rights violations. The claim was thereafter dismissed as to all defendants except the State* and claimants withdrew the sixth and 10th causes of action. The State moved to dismiss the claim based, *inter alia*, on lack of subject matter jurisdiction and failure to state a cause of action. The Court of Claims granted the State's motion and dismissed each of the nine remaining causes of action for lack of subject matter jurisdiction. Claimants appeal.

Because we are of the view that the Court of Claims correctly determined that it lacked subject matter jurisdiction over constitutional and statutory civil rights violations absent the existence of a traditional tort, we affirm its dismissal of the first, second, third, fourth, fifth, seventh, eighth and ninth causes of action. The thorough and exhaustive analysis by the Court of Claims in its 42-page memorandum decision and order

---

* Claimants also have a suit pending in U. S. District Court, Northern District of New York, against various law enforcement personnel and SUCO officials and employees (*see, Brown v City of Oneonta*, 858 F Supp 340).

amply addresses the relevant issues of law upon which its conclusion is based. We concur in its reasoning and in its conclusion regarding the aforesaid causes of action.

We also concur in the Court of Claims' dismissal of the 11th cause of action for the reasons set forth in its decision. Furthermore, that cause of action alleges that "[t]he negligent failure of the State of New York to properly train and/or supervise its State Police officers and investigators caused claimants to be subjected to the constitutional, statutory and common law violations complained of herein"; having concurred in the conclusion that claimants cannot sue the State directly for the constitutional, statutory and common-law violations alleged in the claim, in our view that claimants should not be permitted to sue the State indirectly for such violations by alleging that the violations were caused by the State's negligence. Additionally, the claim seeks compensatory damages for purely emotional harm while the 11th cause of action fails to allege sufficient facts to state a cause of action for negligent infliction of emotional harm, which generally must be premised on conduct that " 'unreasonably endangers' " the plaintiff's physical safety (*see, e.g., Glendora v Gallicano*, 206 AD2d 456; *Impastato v Hellman Enters.*, 147 AD2d 788, 790). The allegations in the claim do not fall within any exception to this requirement (*see, Martinez v Long Is. Jewish Hillside Med. Ctr.*, 70 NY2d 697; *Johnson v State of New York*, 37 NY2d 378; *Doner v Adams Contr.*, 208 AD2d 1072).

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.