■ In the Matter of INTERBORO INSTITUTE, INC., Appellant, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION et al., Respondents. [682 NYS2d 301] —Carpinello, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 28, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Comptroller demanding a refund of moneys paid to petitioner under the State's Tuition Assistance Program.

Petitioner operates a two-year junior college in New York

City providing instruction in accounting, business administration, paralegal studies, secretarial sciences, security management and ophthalmic dispensing. It participates in the Tuition Assistance Program (hereinafter TAP) and Supplemental Tuition Assistance Program (hereinafter STAP) administered by respondent State Higher Education Services Corporation (*see*, Education Law §§ 652, 667, 5002); indeed, approximately 90% of petitioner's students receive TAP or STAP awards. In accordance with Education Law § 665 (3) (b), respondent State Department of Audit and Control conducted an audit of TAP and STAP payments made to petitioner for academic years 1989-1990 through 1991-1992 which disclosed that petitioner improperly certified students as eligible to receive TAP and STAP awards. While a draft audit report issued by Audit and Control proposed disallowances in the amount of $6.9 million, a final audit report was issued concluding that petitioner improperly certified students as eligible for TAP and STAP awards totaling approximately $4.8 million, which State Higher Education Services Corporation now demands be refunded. Disallowances were made because TAP awards were not properly credited to students' accounts, because some students were not matriculated, not in good academic standing, not attending full time or not in compliance with residency requirements, and because some students did not qualify for admission under petitioner's published admissions criteria.

In addition to commencing this CPLR article 78 proceeding against respondents challenging their determination as arbitrary and capricious, petitioner also commenced a Federal action against respondents in the US District Court for the Northern District of New York alleging that the determination was motivated by bad faith and animus and constituted selective enforcement in violation of its equal protection rights. With respect to the instant proceeding, Supreme Court dismissed the petition finding a rational basis for respondent Comptroller's determination, prompting this appeal. Nearly simultaneously, the District Court granted summary judgment in favor of respondents in the Federal action, which was affirmed on appeal by the Second Circuit Court of Appeals (*see*, *Interboro Inst. v Maurer*, 152 F3d 918, *affg* 984 F Supp 119).

The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party * * * whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500). Indeed, "the doctrine of collateral estoppel will

permit *any discrete factual issue necessarily decided* in the prior action to be given preclusive effect, regardless of the overall legal context" (*Lee v Jones*, 230 AD2d 435, 438, *lv denied* 91 NY2d 802 [emphasis supplied]). Here, petitioner seeks review of factual claims raised, and ultimately decided against it, in the Federal action between these same parties (*see, Interboro Inst. v Maurer, supra*); namely, that the audit was based on stale data and that the Comptroller failed to follow its established practice of discontinuing audits based on stale data, that respondents ignored findings that petitioner adhered to its own admission requirements, that respondents failed to follow their established practice of permitting flexible grading, that respondents misapplied 8 NYCRR 145-2.4, that respondents disregarded a July 9, 1979 directive permitting reimbursement for students who successfully complete their studies and that respondents were motivated by malice and bad faith as demonstrated through the affidavit of a former Deputy Comptroller.

The precise factual issues underlying the claims in the Federal action are identical to the precise factual issues underlying the claims in this proceeding. Our review of the pleadings and motion papers in the Federal action reveals that nearly verbatim allegations are contained in the complaint in that action and the petition in this proceeding, that virtually identical arguments have been made in each matter, including the contentions now being raised on appeal, and that petitioner relied on the same documentary evidence/affidavits in each matter to support its positions. Equally clear is that the Second Circuit has rendered a decision rejecting each of these claims. Under these circumstances, we are eminently satisfied that petitioner had a full and fair opportunity in the Federal action to litigate each of the discrete factual issues now being raised (*see, Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455; *Gilberg v Barbieri*, 53 NY2d 285, 291) and is therefore collaterally estopped from relitigating them in this forum (*see, e.g., Matter of Manshul Constr. Corp. v New York City School Constr. Auth.*, 192 AD2d 659; *Matter of City of Yonkers v Yonkers Racing Corp.*, 171 AD2d 663).

Upon giving collateral estoppel effect to all factual issues decided in the Federal action, we are unable to conclude that the final audit report disallowing the TAP and STAP awards and the conditional demand letter requiring repayment are arbitrary and capricious (*see, Matter of Crown Bus. Inst. v New York State Dept. of Audit & Control*, 168 AD2d 843, 844; *cf., Matter of Metropolitan Career Inst. v Regan*, 215 AD2d 982).

Nor is this Court "shocked" by the demand for repayment of the disallowed TAP and STAP awards inasmuch as "there exists a strong, statutorily defined policy of the State in favor of recoupment" (*Matter of Elmira Bus. Inst. v New York State Dept. of Educ.*, 116 AD2d 133, 137, *affd* 70 NY2d 758; *see,* Education Law § 665 [4] [b]).

Petitioner's remaining contentions have been reviewed and rejected as unpersuasive.

Mercure, J. P., White, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.