■ MANUFACTURERS AND TRADERS TRUST COMPANY, as Trustee, Respondent, v ERIE COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Defendants, and TEJV-1, L.P., Appellant. [703 NYS2d 636] —Order unanimously reversed on the law without costs and motion denied. Memorandum: Plaintiff, Manufacturers and Traders Trust Company (M&T), as trustee under an indenture agreement, commenced this action to foreclose on a mortgage on the Guaranty Building in Buffalo. Supreme Court erred in granting M&T's motion for summary judgment and determining that M&T's mortgage is superior to the mortgage held by defendant TEJV-1, L.P. (TEJV). We conclude that the court misconstrued the parties' complex financing arrangement.

The mortgages originated in 1985 when defendant Erie County Industrial Development Agency (ECIDA) issued $6.3 million in current interest, type "A" and type "B" bonds to raise money for the rehabilitation of the building by defendant Prudential Associates (Prudential). ECIDA took title to the building in its own name and leased it to Prudential, which agreed to pay rent equal to the monthly debt service. The right of ECIDA to collect and receive the rent payments was assigned and pledged to M&T, as trustee, under the terms of the indenture agreement between ECIDA and M&T for the benefit of the bondholders. M&T commenced an action to foreclose the mortgage securing Prudential's obligations under the indenture agreement after Prudential violated that agreement by failing to purchase the type "B" bonds on the December 1, 1995 mandatory tender date.

Unlike the type "B" bonds, the type "A" bonds were secured further by an irrevocable letter of credit issued by Empire of America Federal Savings Bank (Empire) to Prudential upon which M&T could draw to pay the type "A" bondholders. M&T drew on that letter of credit and purchased the type "A" bonds when Prudential was unable to purchase them itself on the mandatory tender date. Prudential thereafter violated the letter of credit and reimbursement agreement by failing to reimburse Empire. TEJV is Empire's successor in interest, and TEJV commenced a separate action to foreclose the mortgage securing Prudential's obligations under the letter of credit and reimbursement agreement. As an affirmative defense to the action brought by M&T, TEJV asserted that its mortgage is superior to that of M&T.

In asserting that its mortgage has priority, TEJV relies on the terms of the letter of credit and reimbursement agreement. That agreement grants a third mortgage to Empire, subject

only to the first mortgage of United Founders Life Insurance Company of Illinois (Founders mortgage) and the M&T mortgage. It further provides, however, that "[i]n the event [Empire] makes payment to [M&T] pursuant to the Letter of Credit for which it does not receive reimbursement by or on behalf of [Prudential] * * * [Empire] shall thereupon automatically become subrogated to the second lien position on the collateral secured by the Indenture."

M&T contends that its mortgage has priority pursuant to the terms of a contemporaneous subordination agreement with Empire. That agreement was reached "to confirm the various priorities of the mortgages" because, simultaneously with obtaining ECIDA funding, Prudential obtained a $2.4 million loan from Buffalo Enterprise Development Corporation (BEDC), which was also secured by a mortgage. The parties to that agreement acknowledged that the Founders mortgage was the first mortgage and agreed that the BEDC mortgage was subordinate to the others. The subordination agreement also provides that: "It is understood that the Empire Mortgage will not give Empire any rights under the Empire Mortgage unless and until the M&T mortgage and the Bonds secured by the M&T mortgage have been paid in full and discharged".

We conclude that M&T's reliance upon the subordination agreement is misplaced. The M&T and Empire mortgages are part of a complex financing arrangement that "must be analyzed as an integrated whole" (*Chemical Bank v Meltzer*, 93 NY2d 296, 304). While Empire is not a party to the indenture agreement, and M&T is not a party to the letter of credit and reimbursement agreement, both agreements are integral parts of the same business transaction to which M&T and Empire are parties, and each agreement refers to the other. The subordination agreement is a contemporaneous agreement between M&T and Empire relating to the same subject matter. Thus, all of those agreements must be read together and reconciled, if possible (*see, Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 197; *Evans Prods. Co. v Decker*, 52 AD2d 991, 992).

The parties entered into the subordination agreement "to confirm", not alter, the priorities already established by contract. The reference in the subordination agreement to the "Empire Mortgage" is a reference to the third mortgage set forth in the letter of credit and reimbursement agreement. The fourth "whereas" clause of the subordination agreement makes that clear by referring to the "Empire Mortgage" as that mortgage "which * * * will only give Empire rights after the Bonds are paid in full and the M&T mortgage is discharged".

TEJV contends that the subordination agreement addresses nothing more than the priority position of that third mortgage. We agree. The subordination agreement leaves intact Empire's subrogation rights under the letter of credit and reimbursement agreement where, as here, Empire has not been reimbursed by Prudential for a draw on the letter of credit. "To rule otherwise would conflict with the spirit of the contract, violate the manifest intention of the parties and mask the true nature of the obligations and relationships that form the basis of this transaction" (*Chemical Bank v Meltzer, supra,* at 305). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Lawton, JJ.