■ In the Matter of IRWIN SILBERMAN, Petitioner, v NEW YORK STATE OFFICE OF MENTAL RETARDATION & DEVELOPMENTAL DISABILITIES et al., Respondents. [755 NYS2d 638] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Office of Mental Retardation & Developmental Disabilities, dated February 14, 2001, which, after a hearing, rejected the petitioner's objection to the establishment of a community residential facility for the disabled in the Town of Ramapo.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.

The determination of the respondent Commissioner of the New York State Office of Mental Retardation & Development Disabilities is supported by substantial evidence and was not arbitrary and capricious (*see* Mental Hygiene Law § 41.34 [c] [5]; *Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227, 241 [1997]). The petitioner failed to meet its burden of adducing clear and convincing proof that the establishment of the subject community residential facility would result in an over-concentration of the same or similar facilities so as to substantially alter the nature and character of the area (*see Matter of Jennings v New York State Off. of Mental Health, supra* at 242; *Matter of Town of Oyster Bay v Maul,* 231 AD2d 580 [1996]).

The petitioner's due process claims are barred by the doctrine of collateral estoppel, as the United States District Court for the Southern District of New York previously ruled in a federal action between the parties, that the petitioner has no liberty or property interest recognized by New York State law (*see Ramapo Homeowners' Assn. v New York State Off. of Mental Retardation & Dev. Disabilities,* 180 F Supp 2d 519 [2002]; *Matter of Manshul Constr. Corp. v New York City School Constr. Auth.,* 192 AD2d 659 [1993]).

The petitioner's remaining contentions are without merit. Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.