[776 NYS2d 643]

Ricky Brown et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v State of New York, Appellant. (Claim No. 86979.)

Third Department, May 13, 2004

## APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General*, Albany (*Denise A. Hartman* of counsel), for appellant.

*Whiteman, Osterman & Hanna* L.L.P., Albany (*Joseph D. Stinson* of counsel), for respondents.

## OPINION OF THE COURT

SPAIN, J.

The genesis of this most recent appeal by defendant from the Court of Claims' denial of numerous pretrial motions was a September 1992 attack and burglary attempt at a home in Otsego County in the vicinity of the State University of New York, College at Oneonta, described in detail in previous appellate decisions (89 NY2d 172 [1996], *modfg* 221 AD2d 681 [1995]; 250 AD2d 314 [1998]). The elderly victim apparently described her

assailant as a young African American male who may have cut his arm or hand during the incident. Claimants commenced parallel actions in state and federal courts alleging that the conduct of state, local and campus police in the aftermath of that crime—consisting of identifying, stopping, interrogating and/or inspecting the hands and forearms of African American students and, later, conducting a "sweep" of the area during which other nonwhites were stopped and examined—violated federal and state statutes, as well as their constitutional entitlement to equal protection of the laws and freedom from unreasonable searches and seizures.

In a seminal decision, the Court of Appeals, among other things, recognized claimants' right to assert causes of action seeking damages against defendant, in the Court of Claims, for constitutional torts premised upon violations of the Equal protection and search and seizure clauses of the NY Constitution, denying defendant's motion to dismiss for failure to state a cause of action or lack of subject matter jurisdiction (89 NY2d 172 [1996], *supra*). Subsequently, this Court upheld a Court of Claims order (Hanifin, J.) granting claimants class action status on the issue of liability in the three remaining causes of action[1] and addressed statute of limitations and other jurisdictional matters (250 AD2d 314 [1998], *supra*). Our decision also entertained—incorrectly, we now believe, as discussed later—claimants' appellate contentions of error directed at the Court of Claims' sua sponte pronouncement of the burden of proof governing their equal protection claim (*id.* at 320-321).

Thereafter, in 2000, the United States Court of Appeals for the Second Circuit affirmed the dismissal of federal equal protection claims in an action brought by 33 of the 67 claimants in this action (*Brown v City of Oneonta*, 221 F3d 329, 336-339 [2000], *reh and reh en banc denied* 235 F3d 769 [2000], *cert denied* 534 US 816 [2001]). The Second Circuit concluded that while the "strict scrutiny" test applies to challenges to laws or policies containing an express racial classification, no such law or policy was identified in the federal action, and the Court held that the pleadings reflected that "they were not questioned solely on the basis of their race. They were questioned on the altogether legitimate basis of a physical description given by the victim of a crime" (*id.* at 337). Finding that the claimants had

1. They are claim Nos. 7, 8 and 11 for search and seizure (NY Const, art I, § 12), equal protection (NY Const, art I, § 11) and negligent training and supervision, respectively.

failed to sufficiently allege discriminatory intent, the Second Circuit ruled that they failed to state an actionable claim under the federal Equal Protection Clause and dismissed that claim (*id.* at 338-339).

Currently, defendant appeals to this Court from an order of the Court of Claims which, among other things, (1) denied its motion for summary judgment dismissing claimants' state constitutional equal protection claim on collateral estoppel grounds, relying on the Second Circuit decision, (2) denied its motion to amend its answer to add collateral estoppel or to clarify its denial related to the equal protection claim, and (3) denied its motion to decertify the class action status. We address each seriatim.

■ Initially, we hold that the Second Circuit decision in *Brown v City of Oneonta* (*supra*) does not in any respect preclude claimants—on principles of collateral estoppel—from litigating their state constitutional equal protection claim in state court. Defendant's reliance on this equitable doctrine meets neither of the well-established requirements for its invocation (*see D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664-666 [1990]) and, thus, the Court of Claims properly denied defendant's motion for partial summary judgment on this ground. The first requirement is not satisfied because the "identical issue" regarding the alleged violation of claimants' state constitutional equal protection rights was not necessarily decided—or indeed decided at all—in the prior federal action (*see id.* at 664). Rather, the Second Circuit *never considered* claimants' *state* constitutional claims as the parties had, following the District Court's numerous rulings, entered stipulations agreeing, among other things, to the dismissal of *all* state law claims without prejudice (agreeing only not to reinstate them in federal court) in order to secure an appealable final judgment for the Second Circuit's review (*Brown v City of Oneonta, supra*). Consequently, with regard to the second collateral estoppel prerequisite, claimants have not had a "full and fair opportunity" to contest their state equal protection claim (*see D'Arata v New York Cent. Mut. Fire Ins. Co., supra* at 664). Given that this doctrine is "grounded on concepts of fairness" and the fact that the parties entered into a stipulation in the federal action withdrawing the state claims—indicating the parties' collective understanding of claimants' intent to reserve the state claims for resolution in the pending state actions—in our view, the

discretionary doctrine of collateral estoppel should not be invoked in this case (*see id.*).[2]

While defendant is correct that the Court of Appeals has long held that the Equal Protection Clauses of the NY and US Constitutions provide equally broad coverage (*see Dorsey v Stuyvesant Town Corp.*, 299 NY 512, 530-531 [1949], *cert denied* 339 US 981 [1950]; *see also* 89 NY2d 172, 190 [1996], *supra*; *Under 21, Catholic Home Bur. for Dependent Children v City of New York*, 65 NY2d 344, 360 [1985]; *Matter of Shattenkirk v Finnerty*, 97 AD2d 51, 55 [1983], *affd* 62 NY2d 949 [1984]), this consistency does not provide collateral estoppel effect in this case. That is, while the New York courts addressing a state equal protection claim will ordinarily afford the same breadth of coverage conferred by federal courts under the US Constitution in the same or similar matters,[3] an adverse federal court decision on an equal protection claim under the US Constitution does not preclude litigation for the first time of a state equal protection claim in state courts. To be distinguished are cases in

---

**2.** Additionally, the Second Circuit's ruling regarding claimants' federal equal protection claim—that their pleadings and proof were insufficient to state an actionable claim under the express "classification based on race" rubric of equal protection (*Brown v City of Oneonta, supra* at 337-338)—is primarily a question of law to which collateral estoppel is inapplicable (*see American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 440 [1997]). It certainly did not necessarily decide any " 'discrete factual issue[s]' " to which collateral estoppel could be given effect (*Matter of Interboro Inst. v New York State Higher Educ. Servs. Corp.*, 256 AD2d 1003, 1005 [1998], *lv denied* 93 NY2d 808 [1999], quoting *Lee v Jones*, 230 AD2d 435, 438 [1997], *lv denied* 91 NY2d 802 [1997]). To the extent that the Second Circuit resolved a mixed question of law and fact for which collateral estoppel may be "theoretically available" (*American Home Assur. Co. v International Ins. Co., supra* at 440 n 1), we believe that making it available in this case would be indiscrete.

**3.** Notably, while all courts are bound by United States Supreme Court interpretations of federal constitutional and statutory provisions, the courts of this state are not bound by the interpretation of the US Constitution by lower federal courts, although such decisions may serve as "useful and persuasive authority" (*People v Kin Kan*, 78 NY2d 54, 59-60 [1991]; *see Flanagan v Prudential-Bache Sec.*, 67 NY2d 500, 506 [1986], *cert denied* 479 US 931 [1986]). Here, the Second Circuit suggested that its opinion "clarifies equal protection law" (*Brown v City of Oneonta*, 221 F3d 329, 339 n 9 [2000], *supra*) and the opinions on the denial of the petition for rehearing and en banc review demonstrate that the issues raised are "both complex and divisive" (*Brown v City of Oneonta*, 235 F3d 769, 779 [2000] [Calabresi, J., dissenting]), provoking no less than six separate concurrences or dissenting opinions joined by various members of the Second Circuit. In our view, the binding effect or stare decisis value of a federal lower court decision and the uniformity in the decisions of lower federal courts (*see Flanagan v Prudential-Bache Sec., supra* at 506) are relevant in the analysis of the propriety of invoking the equitable doctrine of collateral estoppel.

which the courts of this state have given preclusive effect to a prior federal decision applying New York law and dismissed state claims, recognizing that the plaintiffs had a full and fair opportunity to litigate their state claims (*see Matter of Silberman v New York State Off. of Mental Retardation & Dev. Disabilities*, 302 AD2d 599 [2003]; *Matter of Manshul Constr. Corp. v New York City School Constr. Auth.*, 192 AD2d 659 [1993]; *Matter of City of Yonkers v Yonkers Racing Corp.*, 171 AD2d 663 [1991]).

Thus, the Court of Claims properly denied defendant's motion which seeks partial summary judgment dismissing the equal protection claim based upon collateral estoppel. Further, in view of our conclusion that this doctrine is inapplicable to the Second Circuit decision, we discern no basis upon which to set aside the Court of Claims' decision to deny defendant's motion to amend its answer to include the affirmative defense of collateral estoppel (*see* CPLR 3025 [b]; *Matter of Miller v Goord*, 1 AD3d 647, 648 [2003]; *U.W. Marx, Inc. v Mountbatten Sur. Co.*, 290 AD2d 621, 623 [2002]).

 We do agree, however, with defendant's contention that it should be permitted to amend its verified answer in other aspects. Previously, based upon the conclusion that defendant had failed (in paragraph SECOND of its answer) to expressly deny the equal protection allegations contained in the verified claim (*see* CPLR 3018 [a]), this Court concluded that defendant "has admitted that each person stopped was stopped on the basis of race alone" and proceeded to determine that "[t]he proper standard for the Court of Claims to apply in this case is the strict scrutiny test" (250 AD2d 314, 321 [1998], *supra*). However, that appellate determination came in the inappropriate context of claimants' cross appeal as of right from the Court of Claims' sua sponte ruling—not sought or argued by the parties—regarding the standard of proof to be applied at trial (*id.* at 317, 320). The Court of Appeals has recently left no room for doubt that "[t]here is . . . no right of appeal [to the Appellate Division] from an ex parte order, including an order entered sua sponte" (*Sholes v Meagher*, 100 NY2d 333, 335 [2003]), because it is not "made upon notice" (CPLR 5701 [a] [2]; *see* Siegel, NY Prac § 526 [3d ed], 2003-2004 Pocket Part, at 67).[4] Claimants' remedy was to move to vacate the sua sponte order and, if denied,

4. The provisions of CPLR 5701 apply to the Court of Claims (*see* Court of Claims Act § 9 [9]; § 24; CPLR 101, 5702; *see also* Siegel, NY Prac § 17, at 19 [3d ed]).

appeal the denial as of right to the Appellate Division (*see* CPLR 5701 [a] [3]), a "procedure [which] ensures the appeal will be made upon a suitable record after counsel have had an opportunity to be heard" (*Sholes v Meagher, supra* at 335; *see* CPLR 5704, 5701 [c]).

In view of this supervening authority indicating that we should not have entertained an appeal as of right from the Court of Claims' sua sponte order directed at the burden of proof and showing, we decline to give law of the case effect to this aspect of our decision (*see State of New York v Speonk Fuel*, 307 AD2d 59, 62-63 [2003], *lv granted* 1 NY3d 503 [2003]). We believe that affording defendant the right to file and serve its amended verified answer for the limited purpose of clarifying its denials related to the equal protection allegations of all of the claimants is the judicious course.

Inasmuch as defendant is being permitted to amend the denial in its verified answer related to the equal protection claim, fairness requires that claimants be afforded the opportunity (upon filing and service of that answer) to promptly move on notice to vacate or modify the prior sua sponte order of the Court of Claims (Hanifin, J.) pertaining to the burden or standard of proof and governing test applicable to their equal protection claim (*see* CPLR 2221; *see also* CPLR 5701 [a] [3]). The Court of Claims is directed to accept that untimely motion.

Finally, defendant has proffered no sound reason (*see Lauer v New York Tel. Co.*, 231 AD2d 126, 130 [1997]) for this Court to alter our prior decision upholding the discretionary determination of the Court of Claims (Hanifin, J.) to grant class action status to claimants (250 AD2d 314, 319-320 [1998], *supra*; *see* CPLR 901; *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 52-55 [1999]). Thus, in the order appealed from, the Court of Claims correctly determined that our prior decision represents the law of the case (*see People v Evans*, 94 NY2d 499, 502-503 [2000]; *Shawangunk Conservancy v Fink*, 305 AD2d 902, 903 [2003]) and properly denied defendant's motion for decertification.

CARDONA, P.J., MERCURE, PETERS and CARPINELLO, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to amend its answer to clarify its denial with respect to claimant's equal protection claim; motion granted to that extent; and, as so modified, affirmed.