■ KATHRYN ZARATE, Respondent, v NASSAU COUNTY MEDICAL CENTER et al., Appellants. [781 NYS2d 39]—

In an action, inter alia, to recover damages for a violation of Executive Law § 296, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated October 2, 2003, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (2) and (7), and, in effect, granted the plaintiff leave to serve a late notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants' motion to dismiss the complaint should have been granted because the plaintiff failed to serve a timely notice of claim (*see Mills v County of Monroe*, 59 NY2d 307 [1983], *cert denied* 464 US 1018 [1983]; *Sebastian v New York City Health & Hosps. Corp.*, 221 AD2d 294 [1995]). A notice of claim was required because the plaintiff sought only to vindicate her indi-

vidual interests, in the form of money damages, for an alleged violation of her personal rights (*see* Executive Law § 296; County Law § 52 [1]; General Municipal Law §§ 50-e, 50-i; *Roens v New York City Tr. Auth.,* 202 AD2d 274 [1994]). Moreover, the Supreme Court had no authority to permit late service of the notice of claim more than five years after the accrual date of the plaintiff's claim, in January 1998 (*see* General Municipal Law § 50-e [5]; *see also Pierson v City of New York,* 56 NY2d 950 [1982]; *McSherry v Hawthorne School,* 246 AD2d 517 [1998]; *Piontka v Suffolk County Police Dept.,* 202 AD2d 409 [1994]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.