■ JOHN FESTA et al., Appellants, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS et al., Respondents. [830 NYS2d 133]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered April 3, 2006, which, in this action seeking declaratory and injunctive relief, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to declare in defendants' favor that the Cabaret Law and attendant zoning regulations are constitutional to the extent challenged, and otherwise affirmed, without costs.

Recreational dancing is not a form of expression protected by the federal or state constitution (*see Dallas v Stanglin*, 490 US 19 [1989]; *Kent's Lounge v City of New York*, 104 AD2d 397 [1984], *appeal dismissed* 65 NY2d 636 [1985]). Accordingly, the Cabaret Law and attendant zoning regulations challenged by plaintiffs are subject to rational basis review (*Stanglin, supra*). The legislative purposes in enacting these provisions were plainly legitimate, i.e., to protect the health, safety and general welfare of the public by limiting, inter alia, noise, congestion and various hazards in residential areas, and to protect the local retail development. It is manifest that the regulations, to the extent challenged by plaintiffs, bear the requisite rational relation to these permissible governmental objectives.

We modify only to declare in defendants' favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Concur—Andrias, J.P., Sullivan, Williams, Sweeny and Malone, JJ. [*See* 12 Misc 3d 466 (2006).]