Weslowski v Zugibe (2018 NY Slip Op 08712)





Weslowski v Zugibe


2018 NY Slip Op 08712


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-08490
 (Index No. 31752/16)

[*1]John L. Weslowski, respondent-appellant,
v
Patricia Zugibe, etc., et al., appellants-respondents.


Saretsky Katz & Dranoff, LLP, New York, NY (Robert B. Weissman of counsel), for appellants-respondents.
John L. Weslowski, Schenectady, NY, respondent-appellant pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Rockland County (William A. Kelly, J.), dated July 21, 2016. The order, insofar as appealed from, denied those branches of the motion of the defendants Jeffrey J. Fortunato and the County of Rockland and the separate motion of the defendant Patricia Zugibe which were pursuant to CPLR 3211(a) to dismiss the third cause of action insofar as asserted against each of them. The order, insofar as cross-appealed from, granted those branches of the motion of the defendants Jeffrey J. Fortunato and the County of Rockland which were pursuant to CPLR 3211(a) to dismiss the first, second, fourth, fifth, sixth, and seventh causes of action insofar as asserted against the defendant Jeffrey J. Fortunato and those branches of the separate motion of the defendant Patricia Zugibe which were pursuant to CPLR 3211(a) to dismiss those causes of action insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants Jeffrey J. Fortunato and the County of Rockland and the separate motion of the defendant Patricia Zugibe which were pursuant to CPLR 3211(a) to dismiss the third cause of action insofar as asserted against each of them are granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In December 2012, the plaintiff, formerly an attorney for the County of Rockland, commenced an action in the United States District Court for the Southern District of New York (hereinafter the District Court) against the County, Patricia Zugibe, formerly the County Attorney, and Jeffrey J. Fortunato, formerly Deputy County Attorney, alleging that the plaintiff's employment was terminated as of December 4, 2009, due to the defendants' wrongful conduct. The plaintiff asserted, inter alia, causes of action alleging violations of the Equal Protection Clause, the First Amendment, and his due process rights under the United States Constitution (hereinafter the federal action). The District Court, among other things, dismissed those causes of action for failure to state a claim, and the United States Court of Appeals for the Second [*2]Circuit upheld the District Court's determination.
In May 2016, the plaintiff commenced this action in the Supreme Court, Rockland County, against the County, Zugibe, and Fortunato, asserting causes of action alleging breach of a collective bargaining agreement (first cause of action), breach of an alleged oral promise to pay him accumulated leave (seventh cause of action), violation of Executive Law § 296 (third cause of action), and violations of the Equal Protection Clause (second cause of action), his right to free speech (fourth cause of action), and his due process rights (fifth and sixth causes of action) under the New York State Constitution. Thereafter, the County and Fortunato moved, and Zugibe separately moved, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
In an order dated July 21, 2016, the Supreme Court, inter alia, granted those branches of the defendants' separate motions which were to dismiss the complaint insofar as asserted against each of them, except for the third cause of action. The defendants appeal from so much of the order as denied those branches of their separate motions which were to dismiss the third cause of action insofar as asserted against each of them. The plaintiff cross-appeals from so much of the order as granted those branches of the motion of the County and Fortunato which were pursuant to CPLR 3211(a) to dismiss the first, second, fourth, fifth, sixth, and seventh causes of action insofar as asserted against Fortunato and those branches of Zugibe's separate motion which were pursuant to CPLR 3211(a) to dismiss those causes of action insofar as asserted against her.
We agree with the Supreme Court's determination that the first cause of action, which, in essence, challenged the termination of the plaintiff's public employment, was time-barred under the four-month statute of limitations applicable to proceedings pursuant to CPLR article 78 (see Austin v Board of Higher Educ. of City of N.Y., 5 NY2d 430, 440; Youngelman v New York City Tr. Auth., 303 AD2d 751; Broderick v Board of Educ., Roosevelt Union Free School Dist., 253 AD2d 836, 837; Meyers v City of New York, 208 AD2d 258, 264-265; Abramson v Board of Educ. of City of N.Y., 120 AD2d 474).
However, we disagree with the Supreme Court's determination that the seventh cause of action, alleging breach of an oral promise, was time-barred under the four-month statute of limitations, since the remedy sought for that cause of action pertained to the enforcement of an alleged promise, irrespective of whether the plaintiff's employment was wrongfully terminated (see Garrigan v Incorporated Vil. of Malverne, 12 AD3d 400; Matter of Steve's Star Serv. v County of Rockland, 278 AD2d 498, 499). Consequently, the seventh cause of action was timely commenced within six months after the termination of the federal action, in which the plaintiff timely asserted a cause of action premised on an alleged oral promise to pay him accumulated leave (see CPLR 205[a]). Nevertheless, Zugibe and Fortunato were entitled to dismissal of the seventh cause of action insofar as asserted against them on the ground that the collective bargaining agreement, which governed the plaintiff's entitlement to leave, unequivocally prohibited modification of the terms thereof other than in a signed writing and, thus, the alleged oral promise that the plaintiff would not lose accumulated leave upon the termination of his employment was not binding (see General Obligations Law § 15-301[1]; Martin v Liberty Mut. Ins. Co., 92 AD3d 729, 731).
Furthermore, contrary to the plaintiff's contention, the Supreme Court should have determined that the third cause of action, alleging violation of Executive Law § 296, was time-barred under the applicable statute of limitations of one year and 90 days (see County Law § 52; General Municipal Law § 50-i[1][c]; Piontka v Suffolk County Police Dept., 202 AD2d 409, 410; Geslak v Suffolk County, 2008 WL 620732, *2-3, 2008 U.S. Dist. LEXIS 16947, *5-6 [ED NY, Mar. 5, 2008, No. 06-CV-251 (NGG) (AKT)]), since the plaintiff sought to vindicate his individual interest, in the form of money damages, for an alleged invasion of his personal and/or property rights (see Nostrom v County of Suffolk, 100 AD3d 974, 975; Zarate v Nassau County Med. Ctr., 9 AD3d 427, 427-428; Hibbert v Suffolk County Dept. of Probation, 267 AD2d 205).
We also disagree with the Supreme Court's determination that the second, fourth, [*3]fifth, and sixth causes of action, alleging violations of the New York State Constitution, were barred by the doctrine of collateral estoppel. "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704; see Matter of Hereford Ins. Co. v McKoy, 160 AD3d 734, 735-736). Here, the defendants failed to demonstrate an identity of issues between the causes of action alleging violations of the United States Constitution in the federal action and the causes of action in this action alleging violations of the State Constitution (see Stylianou v Incorporated Vil. of Old Field, 23 AD3d 454, 457; Brown v State of New York, 9 AD3d 23, 26-28; cf. Matter of Manshul Constr. Corp. v New York City School Constr. Auth., 192 AD2d 659).
Nevertheless, the defendants were entitled to dismissal of the second, fourth, fifth, and sixth causes of action for failure to state a cause of action. The plaintiff failed to state a cause of action alleging violation of the Equal Protection Clause of the State Constitution, since the complaint did not identify any individual who was similarly situated to the plaintiff, but treated differently from the plaintiff (see Boring v Town of Babylon, 147 AD3d 892, 893; Cozzani v County of Suffolk, 84 AD3d 1147). Further, the plaintiff failed to state a cause of action alleging violation of his free speech rights under the State Constitution, since the complaint failed to allege that the plaintiff engaged in "expressive" conduct protected by the State Constitution (People v Hollman, 68 NY2d 202, 205-206; see Festa v New York City Dept. of Consumer Affairs, 37 AD3d 343). The plaintiff also failed to state a cause of action alleging violations of his procedural or substantive due process rights under the State Constitution, since the complaint did not set forth facts showing that the plaintiff took advantage of all available opportunities to be heard with respect to the termination of his employment, nor did the complaint allege the deprivation of a constitutionally cognizable property interest (see Ward v City of New York, 15 AD3d 392, 393).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, we agree that those branches of the motion of the County and Fortunato which were pursuant to CPLR 3211(a) to dismiss the first, second, fourth, fifth, sixth, and seventh causes of action insofar as asserted against Fortunato and those branches of Zugibe's separate motion which were pursuant to CPLR 3211(a) to dismiss those causes of action insofar as asserted against her should have been granted, and further, the court also should have granted those branches of the defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the third cause of action insofar as asserted against each of them.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.

2016-08490 DECISION & ORDER ON MOTION
John L. Weslowski, respondent-appellant,
v Patricia Zugibe, etc., et al., appellants-respondents.
(Index No. 31752/16)

Motion by the respondent-appellant, inter alia, on an appeal and cross appeal from an order of the Supreme Court, Rockland County, dated July 21, 2016, to dismiss the appeal insofar as taken by the appellants-respondents Patricia Zugibe and Jeffrey J. Fortunato on the ground that they are not aggrieved by the order. By decision and order on motion of this Court dated January 10, 2017, that branch of the motion which is to dismiss the appeal insofar as taken by the appellants-respondents Patricia Zugibe and Jeffrey J. Fortunato on the ground that they are not aggrieved by the order was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal insofar as taken by the appellants-respondents Patricia Zugibe and Jeffrey J. Fortunato on the ground that they are not aggrieved by the order is denied.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court