Rockwell v Despart (2022 NY Slip Op 03156)





Rockwell v Despart


2022 NY Slip Op 03156


Decided on May 12, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 12, 2022

532435
[*1]Elizabeth Haley Rockwell, as Executor of the Estate of Marjorie D. Rockwell, Deceased, Respondent,
v
Thomas W. Despart, Appellant.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

The Law Office of Laura E. Ayers, Esq., Delanson (Laura E. Ayers of counsel), for appellant.
Gleason, Dunn, Walsh & O'Shea, Albany (Richard C. Reilly of counsel), for respondent.



Fisher, J.
Appeal from an order of the Supreme Court (Connolly, J.), entered October 19, 2020 in Albany County, which, among other things, denied defendant's cross motion for summary judgment.
The underlying facts are set forth in this Court's prior decision in a related matter (Gorman v Despart, 164 AD3d 1059 [2018], lv dismissed 32 NY3d 1193 [2019]). Briefly, the Estate of Marjorie D. Rockwell (hereinafter the Estate) sold three parcels of property, all subject to different deed restrictions, to The Audubon Society of New York, Inc. in three separate transactions in June 1998. As relevant here, parcel B contained a restriction providing that the land "shall be forever wild and shall be used as a research, education and management area for urban wildlife conservation and water resource protection." Eventually, the Audubon Society sold all three parcels of property, including selling parcel B to defendant with a deed that contained the aforementioned restriction. The owners of parcel A (hereinafter the neighbors) thereafter commenced an action against defendant for violating the restrictive covenant on parcel B. This Court determined that the neighbors did not have standing to enforce the forever wild restriction and, therefore, affirmed a grant of partial summary judgment in favor of defendant (id. at 1061-1062). In doing so, this Court stated that enforcement of the restriction by the neighbors was not "necessary to ensure compliance with the stated purposes of the covenant because it may be enforced by the Estate or its assigns" (id. at 1061).
Plaintiff then commenced this action in her capacity as the executor of the Estate seeking, among other relief, a declaration that defendant is bound by the restrictive covenant in his deed. Defendant answered, asserting several affirmative defenses and counterclaims. Plaintiff moved for partial summary judgment seeking a declaration that she has standing to maintain this action and that the restrictive covenant is enforceable against defendant. Defendant cross-moved for summary judgment, contending that the restrictive covenant was extinguished, unenforceable and invalid pursuant to RPAPL 1951. In the alternative, defendant moved to compel plaintiff to produce discovery. Supreme Court denied plaintiff's motion for partial summary judgment and defendant's cross-motion for summary judgment, but granted defendant's motion for further discovery. Supreme Court further determined that, based on this Court's prior decision, plaintiff has standing to maintain this action. Defendant appeals.
Defendant argues that this Court's statements in the prior appeal concerning whether the Estate may enforce the covenant were dicta and do not have collateral estoppel effect. We disagree. Dicta is "[l]anguage that is not necessary to resolve an issue" (Pollicino v Roemer & Featherstonhaugh, 277 AD2d 666, 668 [2000]), and has "no functional role in compelling [a] judgment" (Rose Park Place, Inc. v State of New York[*2], 120 AD3d 8, 11 [2014] [internal quotation marks and citations omitted]; see McCue v Trifera, LLC, 173 AD3d 1416, 1417 [2019]). Here, in contrast, the prior appeal required us to determine, among other things, who was intended to benefit from the covenant. In evaluating whether the covenant was personal or runs with the land, we affirmed the dismissal of the neighbors' action, finding that "the language of the forever wild restriction . . . was imposed to advance [the decedent's] interest in research, education and conservation, and not for the purpose of simply maintaining undeveloped property for the benefit of parcels A and C, which were not similarly restricted" (Gorman v Despart, 164 AD3d at 1061). Therefore, enforcement by the neighbors was not "necessary to ensure compliance with the stated purposes of the covenant because it may be enforced by the Estate or its assigns" (id.). This evaluation and determination was essential to the dismissal of the neighbors' action, and therefore "not merely obiter dictum" (Scofield v Trustees of Union Coll., 288 AD2d 807, 808 [2001] [internal quotation marks and citation omitted]).
Consequently, "[t]he doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of actions are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]; accord Matter of Timperio v Bronx-Lebanon Hosp., 203 AD3d 179, 183 [2022]). Collateral estoppel applies when, like here, "(1) the issues in both [actions or] proceedings are identical, (2) the issue in the prior [action or] proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior [action or] proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015] [internal quotation marks and citations omitted]). The doctrine "will permit any discrete factual issue necessarily decided in the prior action [or proceeding] to be given preclusive effect, regardless of the over-all legal context" (Matter of Interboro Inst. v New York State Higher Educ. Servs. Corp., 256 AD2d 1003, 1004-1005 [1998] [internal quotation marks, emphasis and citation omitted], lv denied 93 NY2d 808 [1999]; see Brown v State of New York, 9 AD3d 23, 27 n 2 [2004]). Inasmuch as defendant previously had a full and fair opportunity to litigate the identical issue of standing from the same series of transactions and the deed containing the restrictive covenant,[FN1] he is precluded from doing so again here.
Turning to the merits, defendant argues that Supreme Court should have granted his cross motion for summary judgment because the covenant was extinguished by merger or, in the alternative, it has no actual or substantial benefit to the Estate. However[*3], "[t]he doctrine of merger is not favored in equity, and whether there is a merger of a lesser estate in a greater . . . is largely a question of the intention of the parties to be gathered to a great extent from the situation of the parties and the surrounding circumstances" (Evans Prods. Co. v Decker, 52 AD2d 991, 992 [1976]). Here, as highlighted at oral argument, a series of correspondence between the real estate lawyers for the Audubon Society and defendant confirmed the continued existence of the restrictive covenant on parcel B as originally established by the Estate. Defendant does not submit any competent evidence demonstrating otherwise and, therefore, he has failed to meet his prima facie burden (see Catlyn & Derzee, Inc. v Amedore Land Developers, LLC, 132 AD3d 1202, 1205 n 3 [2015]; see also Evans Prods. Co. v Decker, 52 AD2d at 992).
Next addressing defendant's claim that the covenant should be extinguished pursuant to RPAPL 1951, he was required to demonstrate "that the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason" (RPAPL 1951 [1]; see Smith v Sheppard, 301 AD2d 913, 914 [2003] [noting that the party seeking extinguishment bears the burden of proof]). When evaluating a restrictive covenant under RPAPL 1951 (1), "[t]he issue is not whether [the party seeking enforcement] obtains any benefit from the existence of the restriction but whether in a balancing of equities it can be said to be . . . of no actual and substantial benefit" (Orange & Rockland Util. v Philwold Estates, 52 NY2d 253, 266 [1981] [internal quotation marks and emphasis omitted]; accord Smith v Sheppard, 301 AD2d at 914-915).
Here, defendant advanced the argument that the subsequent use and sale of parcels A and C had created "changed conditions" under RPAPL 1951, therefore rendering the covenant of no actual and substantial benefit to the Estate. However, the record reflects that parcels A and C were always intended to be used for different purposes than parcel B, and it is therefore unclear why the sale of parcels A and C would impact the restriction on parcel B. Defendant's argument of inconvenience to him is conclusory and unsupported, and the contention that the Estate already received a tax benefit and therefore the restriction has no remaining actual or substantial benefit is equally without merit, as Rockwell's last will and testament made it clear that she desired her property to be used for charitable purposes. Therefore, defendant has also failed to meet his prima facie burden for extinguishment of the restrictive covenant through RPAPL 1951. To the extent that we have not addressed any of defendant's remaining arguments, they have been reviewed [*4]and found to be lacking merit.
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Although defendant did not specifically address this issue in his brief on the prior appeal, he had the opportunity to do so and did at oral argument, where he argued that neither the neighbors nor the Estate had standing.