■ WILLIAM DIBBLE, Respondent, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, ALLEGANY COUNTY, Appellant. — Order unanimously reversed, on the law, without costs, defendant's motion for summary judgment granted and complaint dismissed. Memorandum: Plaintiff, a drafting instructor employed by defendant, was notified on September 25, 1981, after the school year had

commenced, that his employment would be reduced to half time because of decreased enrollment in the school's drafting program. In previous years he had been notified, prior to the beginning of the school year, that because of possible low enrollment in the drafting program his employment might be reduced to half time. Despite such notification, his employment remained full time with the exception of the 1979-1980 school year when he was employed half time. ¶ Following the September, 1981 notice, plaintiff filed a grievance under the collective bargaining agreement which was ultimately rejected by the district superintendent. The agreement does not provide for arbitration. The instant action was commenced claiming breach of contract in that defendant had established a past practice of notifying a teacher of possible reduction in the hours of employment because of decreased work load. Defendant moved for summary judgment alleging that plaintiff had failed to demonstrate that any provision of the collective bargaining agreement had been violated. Special Term denied the motion. We reverse. ¶ We find no provision which requires BOCES to give notice prior to the reduction of a teacher's work load, and plaintiff has pointed to none. Plaintiff's reliance upon the contract definition of a grievance is unavailing since he has wholly failed to articulate the "transactions or occurrences which are alleged as the basis for liability (see CPLR 3013)" (*Menkes v City of New York,* 91 AD2d 654, 655, mot for lv to app dsmd 59 NY2d 762). ¶ At most, plaintiff has alleged that BOCES had established a practice of giving notice to its employees prior to a reduction in their hours, and thus could not unilaterally change this policy without negotiating with the employees' union. This at most constitutes an unfair labor practice within the exclusive and nondelegable jurisdiction of the Public Employment Relations Board (Civil Service Law, § 205, subd 5, par [d]), but such allegations do not support an action for breach of contract. (Appeal from order of Supreme Court, Allegany County, Feeman, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.