■ WILLIAM DENEHY, as Administrator of the Estate of ROBERT J. DENEHY, Deceased, Respondent, v ST. JOHN'S QUEENS HOSPITAL, Appellant, et al., Defendants.—In an action to recover damages for wrongful death based upon medical malpractice and lack of informed consent, defendant St. John's Queens Hospital appeals from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated October 15, 1984, as denied its motion to dismiss the complaint on the grounds, *inter alia,* of Statute of Limitations and res judicata.

Order affirmed, insofar as appealed from, with costs.

After having executed a stipulation of discontinuance of his appeal from a United States District Court Judge's dismissal

of the action on the basis of lack of diversity jurisdiction, plaintiff reinstituted suit in State court. Appellant brought a motion to dismiss the complaint on the grounds, *inter alia,* of Statute of Limitations and res judicata.

The dismissal of the prior action by the Federal District Court for lack of subject matter jurisdiction does not require that the present action be dismissed on the ground of res judicata, or because the applicable Statute of Limitations has run, as long as the suit is reinstituted within six months of dismissal (CPLR 205 [a]; *Smith v Rensselaer County,* 52 AD2d 384). Furthermore, dismissal of an appeal pursuant to a stipulation of discontinuance of said appeal does not constitute a voluntary discontinuance of the underlying action within the meaning of CPLR 205 (a). Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.