PAUL S. KLEINBERGER et al., Appellants, v TOWN OF SHARON et al., Respondents.

Third Department, May 1, 1986

368

### APPEARANCES OF COUNSEL

*Robert J. Krzys* for appellants.

*Carter, Conboy, Bardwell, Case & Blackmore (John Ray* and *Frederica C. Hummel* of counsel), for respondents.

### OPINION OF THE COURT

YESAWICH, JR., J.

In September 1982, plaintiffs commenced an action in the United States District Court for the Northern District of New York against the same defendants named in the instant action as well as a neighbor of plaintiffs. The event generating both lawsuits was the neighbor's seizure of plaintiffs' heifers which had trespassed onto the neighbor's property. Plaintiffs alleged that the neighbor acted on ill-founded legal advice from defendant Robert Lockwood, who was then serving as Town Justice for defendant Town of Sharon, Schoharie County, and that the other defendants, town assessors acting as fence viewers, exacerbated the situation by improperly resolving both the seizure of the heifers and a boundary line dispute between the feuding neighbors. Plaintiffs' Federal complaint asserted a Federally based cause of action claiming that defendants had deprived plaintiffs of their civil rights in

violation of 42 USC § 1983 and also pendent jurisdiction over State causes of action premised on theories of negligence, abuse of process and prima facie tort.

The matter was reached for trial in mid-July 1984, during which the neighbor settled out of court and the remaining defendants, at the close of the plaintiffs' case-in-chief, moved for a directed verdict. In a Bench decision, the Federal court dismissed the Federal claim on alternative grounds: first, that plaintiffs failed to pursue a postdeprivation State remedy available to challenge the seizure of their cattle (citing *Parratt v Taylor,* 451 US 527), and, second, that defendants' good faith insulated them from liability (citing *Harlow v Fitzgerald,* 457 US 800). The court also observed that "[a]lthough there is no evidentiary basis for these State Court claims, I shall direct a verdict in favor of the defendants * * * [because] a District Court has no jurisdiction to retain the State claims where the Federal civil rights claims are insubstantial" (citing *Dunton v County of Suffolk,* 729 F2d 903).

Plaintiffs thereupon reasserted their State law causes of action in the instant lawsuit, apparently commenced in late July 1984. Thereafter, defendants moved to dismiss the State complaint as untimely under General Municipal Law §§ 50-e and 50-i, and as barred by the prior judgment rendered in Federal court. Special Term found the res judicata contention compelling and dismissed the complaint.

■ On appeal, plaintiffs maintain, and we agree, that the Federal court's conclusion that there was no evidence of negligence was gratuitous and, hence, not binding. The rule succinctly stated in *Silberstein v Silberstein* (218 NY 525) is "that a judgment does not work an estoppel as to unessential facts, even though put in issue by the pleadings and directly decided" *(supra,* at p 528). Here, an established Federal practice, designed to prevent litigants from manufacturing Federal jurisdiction, bid the Federal court to dismiss plaintiffs' pendent State claims for a single reason—lack of jurisdiction *(see, Dunton v County of Suffolk,* 729 F2d 903, *supra).* The court's appraisal of the merits of plaintiffs' State court causes of action was not essential to that determination.

To the extent it is argued that the dismissal of the Federal civil rights claims entailed a conclusion of no negligence, we note that the findings that State remedies were unpursued by plaintiffs and that good faith was exercised by defendants do not dispose of the issue of due care, for defendants could have

made an unreasonable, yet good-faith, mistake. Accordingly, the doctrine of res judicata poses no barrier to maintenance of the instant action.

■ That this action is timely is undeniable. As noted in *Dunton v County of Suffolk (supra,* p 911, n 8), dismissal of pendent State law claims because of insubstantial Federal claims triggers the protection of CPLR 205 (a), thereby affording plaintiffs six months within which to bring another action in State court. The instant case falls squarely within the protection of that section.

The parties have raised no other issues.

MAIN, J. P., WEISS, MIKOLL and HARVEY, JJ., concur.

Order reversed, on the law, without costs, and motion denied.