■ POUGHKEEPSIE-HIGHLAND RAILROAD BRIDGE CO., INC., Respondent-Appellant, v CENTRAL HUDSON GAS AND ELECTRIC CORPORATION, Appellant-Respondent. [718 NYS2d 389] —In an action, *inter alia,* to recover rent and the cost of removing certain electrical wires and equipment affixed to a bridge, the defendant appeals from so much of (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated June 30, 1999, as denied that branch of its motion which was to dismiss the plaintiff's second cause of action, (2) an amended order of the same court, dated July 28, 1999, as denied that branch of its motion which was to dismiss the second cause of action, and (3) an order of the same court, dated January 14, 2000, as denied that branch of its motion which was to dismiss so much of the third cause of action in the amended complaint as sought to recover the cost of removing electrical wires and equipment affixed to the subject bridge, and the plaintiff cross-appeals from so much of (1) the order dated June 30, 1999, as granted that branch of the defendant's motion which was to dismiss its first cause of action, (2) the amended order dated July 28, 1999, as granted that branch of the defendant's motion which was to dismiss its first cause of action, and (3) the order dated January 14, 2000, as (a) granted those branches of the defendant's motion which were to dismiss the first, second, and fourth causes of action in the amended complaint, and (b) granted that branch of the defendant's motion which was to dismiss the third cause of action in the amended complaint, except to the extent that it sought to recover the cost of removing electrical wires and equipment affixed to the subject bridge.

Ordered that the appeal and the cross appeal from the order dated June 30, 1999, are dismissed as that order was superseded by the amended order dated July 28, 1999; and it is further,

Ordered that the cross appeal from the amended order dated July 28, 1999, is dismissed as abandoned; and it is further,

Ordered that the appeal from the amended order dated July 28, 1999, is dismissed as academic in light of our determination of the appeal from the order dated January 14, 2000; and it is further,

Ordered that the order dated January 14, 2000, is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss so much of the third cause of action in the amended complaint as sought to recover the cost of removing electrical wires and equipment affixed to the subject bridge, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

In 1949 the Central Hudson Gas and Electric Corporation (hereinafter Central Hudson), a public utility company that provides electricity to the City of Poughkeepsie, entered into an agreement (hereinafter the 1949 agreement) with the New York, New Haven, and Hartford Railroad Company (hereinafter the Railroad Co.) to "use and maintain" electrical wires and appurtenant equipment on a bridge that crosses the Hudson River from the City of Poughkeepsie to the Town of Lloyd (hereinafter the bridge).

In 1982 the Consolidated Rail Corporation (hereinafter Conrail), the successor in interest to the Railroad Co., terminated the 1949 agreement and commenced a summary proceeding in the Supreme Court, Westchester County, to compel Central Hudson to remove its electrical wires and equipment from the bridge. Pursuant to a judgment entered September 26, 1984 (hereinafter the 1984 Judgment), the Supreme Court awarded possession of the bridge to Conrail but gave Central Hudson the right to continue to maintain its wires and equipment subject to certain conditions related to Conrail's plans to demolish the bridge, and Central Hudson's continued obligation to pay rent as set forth in the 1984 Judgment. In November 1984 Conrail conveyed the bridge to a third party and it was subsequently conveyed several other times before the plaintiff acquired it. In December 1985, Central Hudson completed construction of an alternate route for the transmission of electricity, abandoned the wires and equipment on the bridge, and stopped paying rent.

The plaintiff, the Poughkeepsie-Highland Railroad Bridge Co., Inc. (hereinafter PHRB), is a not-for-profit corporation dedicated to transforming the bridge into a scenic walkway. After PHRB acquired the bridge in 1996, it commenced an ac-

tion, *inter alia*, to recover rent allegedly owed by Central Hudson since December 1985 and the cost of removing the electrical wires and equipment. In the amended order dated July 28, 1999, which merely corrected a typographical error in the original order dated June 30, 1999, the Supreme Court, Dutchess County, granted Central Hudson's motion to dismiss the first and second causes of action in the complaint to the extent that they were based on the 1949 agreement, which was terminated in 1982. In September 1999 PHRB served and filed an amended complaint. The first two causes of action therein were essentially identical to the first two causes of action in the original complaint.

Initially, we note that PHRB failed to raise any issues concerning the amended order dated July 28, 1999, in its brief. Accordingly, its cross appeal from that order is deemed abandoned (*see, Praeger v Praeger,* 162 AD2d 671; *Agee v Ajar,* 154 AD2d 569).

The order dated January 14, 2000, properly dismissed the first and second causes of action on the ground of res judicata, based on the amended order dated July 28, 1999, which had dismissed those same causes of action in the original complaint. The Supreme Court also properly determined that PHRB did not have standing to assert any claim under the 1984 Judgment. The record reveals that PHRB was not a party to the summary proceeding and there was no valid assignment of the right to enforce the 1984 Judgment, which did not create a leasehold. Even if the 1984 Judgment created a license to use the bridge, the license was revoked when the property was conveyed to intervening owners, who did not ratify the license (*see, River Val. Assocs. v Consolidated Rail Corp.,* 182 AD2d 974, 975). Accordingly, the Supreme Court properly dismissed the third and fourth causes of action to the extent that they were based on the 1984 Judgment. The Supreme Court also should have dismissed the third cause of action to the extent that it sought to recover the cost of removing the electric wires and equipment, purportedly based on the common law. Upon a liberal construction of the pleadings, they fail to state the material elements of any cognizable cause of action (*see,* CPLR 3013; *Dibble v Board of Coop Educ. Servs.,* 103 AD2d 1026). Friedmann, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.