■ ALEX STYLIANOU et al., Appellants, v INCORPORATED VILLAGE OF OLD FIELD, Respondent. [805 NYS2d 573]—

In an action, inter alia, to enjoin employees of the defendant

Incorporated Village of Old Field from engaging in law enforcement activities, the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Burke, J.), dated September 27, 2004, which granted the defendant's motion pursuant to CPLR 3211 (a) (4), (5), and (7) to dismiss the complaint, and (2), as limited by their brief, from so much of an order of the same court dated December 2, 2004, as denied that branch of their motion which was for leave to renew.

Ordered that the order dated December 2, 2004, is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for leave to renew is granted and, upon renewal, the defendant's motion to dismiss the complaint is denied, the order dated September 27, 2004, is vacated, and the complaint is reinstated; and it is further,

Ordered that the appeal from the order dated September 27, 2004, is dismissed as academic in light of our determination of the appeal from the order dated December 2, 2004; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In 1997 this Court held that "[i]n the 1958 general election, the voters of the Village of Old Field . . . elected to join the Suffolk County Police District," that such an election was "irrevocable," and that, as a result, the Suffolk County Police Department thereafter became the only duly-authorized law enforcement agency for Old Field (*Incorporated Vil. of Old Field v Cosgrove,* 244 AD2d 530, 530-531 [1997]).

In October 2002 the plaintiffs commenced an action in the United States District Court for the Eastern District of New York (hereafter the federal action) against Old Field and various individual defendants alleging that, subsequent to our decision in *Incorporated Vil. of Old Field v Cosgrove (id.),* employees of Old Field unlawfully continued to engage in law enforcement activities. Specifically, the plaintiffs claimed that, at different times in 1999 and 2000, each had been detained by an employee of Old Field holding himself out as a police officer and had received citations for violations of the Vehicle and Traffic Law. The plaintiffs asserted various federal causes of action under the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.;* hereinafter RICO) and 42 USC § 1983, sought relief under the Federal Declaratory Judgment Act (28 USC § 2201), asserted a pendent state law cause of action for common-law money had and received, and sought a permanent injunction against the defendants and a court-appointed monitor to oversee the dismantling of the Old Field police force. The federal action defendants, including Old Field, moved to dismiss

the complaint. By order dated March 31, 2004, the United States District Court, inter alia, dismissed the complaint insofar as asserted against Old Field, with leave to replead within 30 days. The District Court found, inter alia, that a municipal corporation such as Old Field could not be prosecuted under RICO. As for the claims under 42 USC § 1983, the court found the complaint fatally defective on its face. Having dismissed all federal law causes of action against Old Field, the court declined to exercise supplemental jurisdiction over the remaining state law cause of action for common-law money had and received insofar as asserted against that defendant. The District Court did not specifically address the dismissal of the remaining claims.

While the plaintiffs timely submitted a third amended complaint in the federal action, they elected not to assert any claims against Old Field. Instead, within six months of the March 31, 2004, order (see CPLR 205 [a]; *Kleinberger v Town of Sharon,* 116 AD2d 367 [1986]), the plaintiffs, individually and on behalf of others similarly situated, commenced this action against Old Field in the Supreme Court, Suffolk County, asserting four causes of action. The first sought to permanently enjoin employees of Old Field from engaging in further law enforcement activities, the second sought a judgment declaring, inter alia, that employees of Old Field have no authority to engage in law enforcement activities, the third sought damages for violations of New York Constitution, article I, § 12, and the fourth sought the recovery of money unlawfully collected by Old Field as fines and associated costs and penalties.

Old Field moved to dismiss the complaint pursuant to CPLR 3211 (a) (4), (5) and (7). The Supreme Court granted the motion, and then denied that branch of the plaintiffs' motion which was for leave to renew. We reverse and reinstate the complaint.

The Supreme Court erred in determining that the prior dismissal of the federal action required dismissal of the first and second causes of action as barred by the doctrine of res judicata. While the District Court never explicitly set forth its reasons for dismissing the plaintiffs' claims for declaratory and injunctive relief, it is clear that once the remaining causes of action were dismissed insofar as asserted against Old Field, the District Court no longer had jurisdiction to issue a declaration under the Federal Declaratory Judgment Act (see 28 USC § 2201; *Moog Controls, Inc. v Moog, Inc.,* 923 F Supp 427 [1996]) or to grant injunctive relief (cf. *Dugas v American Surety Co.,* 300 US 414, 428 [1937]; *In re Martin-Trigona,* 737 F2d 1254, 1261-1262 [1984]). Thus, the dismissal of those ancillary causes of action

in the federal action had no res judicata effect and, therefore, could not operate to bar the plaintiffs' first and second causes of action.

Moreover, the dismissal in the federal action of claims based on 42 USC § 1983 does not bar, in this action, the plaintiffs' third cause of action, which is based on New York Constitution, article I, § 12 (*see Brown v State of New York*, 9 AD3d 23 [2004]; *Landsman v Village of Hancock*, 296 AD2d 728, 733 [2002]).

The Supreme Court also erred in dismissing the fourth cause of action. Where a federal court, upon dismissing all federal law causes of action against a defendant, also dismisses pendent state law claims against that defendant for want of subject matter jurisdiction, a plaintiff is not barred from commencing, within six months of the dismissal, an action in state court based on the same set of transactions or occurrences (*see* CPLR 205 [a]; *Van Hof v Town of Warwick*, 249 AD2d 382 [1998]; *Mattes v Rubinberg*, 220 AD2d 391 [1995]; *Travelers Indem. Co. v Sarkisian*, 139 AD2d 27 [1988]; *Kleinberger v Town of Sharon, supra; Denehy v St. John's Queens Hosp.*, 114 AD2d 991 [1985]). Thus, the fourth cause of action, which is to recover money allegedly unlawfully collected by Old Field, should not have been dismissed.

The defendant's remaining contentions are without merit. Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.