*581 In an action, inter alia, to recover damages pursuant to 42 USC § 1983 for a violation of the right to equal protection under the law, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated June 27, 2007, as granted those branches of the defendant’s motion which were to dismiss the first, second, fourth, and fifth causes of action, and the defendant cross-appeals from the same order.
Ordered that the cross appeal is dismissed as abandoned (see 22 NYCRR 670.8 [e] [1]); and it is further,
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant’s motion which was to dismiss the fifth cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiffs commenced this action against the defendant Town of Yorktown alleging, inter alia, that the Town engaged in a course of conduct over a period of years that improperly deprived the plaintiffs of the right to develop and use certain real property they owned. The first, second, and fourth causes of action of the amended complaint seek damages pursuant to 42 USC § 1983 for alleged violations of their rights under the United States Constitution to equal protection under the law, to procedural due process, and to just compensation for the taking of property. The fifth cause of action seeks damages pursuant to state law for an alleged de facto condemnation of their property, and the sixth cause of action seeks a judgment declaring that they are entitled to build a car wash on the property, and that the property is not subject to a 2005 rezoning. The third cause of action was withdrawn.
The Town moved to dismiss the complaint, inter alia, as barred by the doctrine of res judicata. The Town noted that the *582 plaintiffs had alleged identical causes of action against it in a complaint filed in federal court and that the complaint, in relevant part, had been dismissed. The plaintiffs did not dispute that the causes of action at bar were identical to causes of action asserted in the federal action, but argued that the doctrine of res judicata was not applicable because the dismissal in federal court had not been on the merits. Rather, they asserted, the dismissal was “for lack of federal ‘ripeness’—a form of subject matter jurisdiction.” The Supreme Court granted the Town’s motion except as to the plaintiffs’ sixth cause of action for declaratory relief. We modify.
The Federal District Court dismissed the plaintiffs’ identical 42 USC § 1983 causes of action as unripe for judicial review due to the absence of a “final decision” by the governmental entity whose conduct was being challenged—a requirement under a two-prong test set forth in Williamson County Regional Planning Comm’n v Hamilton Bank of Johnson City (473 US 172 [1985]; see also Suitum v Tahoe Regional Planning Agency, 520 US 725 [1997]; Dougherty v Town of N Hempstead Bd. of Zoning Appeals, 282 F3d 83, 88 [2002]). Thus, the plaintiffs are correct that the dismissal in the federal court was not on the merits. However, the plaintiffs did not and do not allege or argue that there has been any relevant change of circumstances since the determination in the federal action. Thus, the plaintiffs’ 42 USC § 1983 causes of action remain unripe for judicial review by application of principles of collateral estoppel (see generally D’Angelo v State Ins. Fund, 48 AD3d 400 [2008]). This conclusion is not affected by the forum in which the causes of action are being prosecuted. Consequently, although not barred by the doctrine of res judicata, the Supreme Court properly dismissed the plaintiffs’ 42 USC § 1983 causes of action.
However, the Supreme Court erred in dismissing the plaintiffs’ fifth cause of action to recover damages under state law for an alleged de facto condemnation of their property. The dismissal of an identical cause of action in the federal action was based upon the plaintiffs’ failure to have exhausted their state remedies. Thus, the plaintiffs’ fifth cause of action is not barred by the doctrine of res judicata or by principles of collateral estoppel (see Stylianou v Incorporated Vil. of Old Field, 23 AD3d 454 [2005]; Van Hof v Town of Warwick, 249 AD2d 382 [1998]).
Finally, the Town, in its brief on appeal, raises issues only in response to the issues raised on the plaintiffs’ appeal, and requests an affirmance. Accordingly, the Town’s cross appeal is deemed abandoned (see Poughkeepsie-Highland R.R. Bridge Co. v Central Hudson Gas & Elec. Corp., 278 AD2d 468, 470 [2000]).
*583 The Town’s remaining contentions are without merit. Spolzino, J.E, Ritter, Dillon and Dickerson, JJ., concur.