Locurto v NYU Langone/Lutheran Hosp. (2025 NY Slip Op 51708(U))

[*1]

Locurto v NYU Langone/Lutheran Hosp.

2025 NY Slip Op 51708(U)

Decided on October 24, 2025

Supreme Court, Kings County

Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 24, 2025
Supreme Court, Kings County

Stephen Locurto, Plaintiff,

against
NYU Langone/Lutheran Hospital; GALINA A. GLINIK, M.D.; GEORGEANNE McGUINESS, M.D.; JOCHEE SON, M.D.; ANDREW ZHU, PA; OLFAT DOLEH, RN; MRI TECHNICIAN, FNU, LNU; ASSISTANT CORONER, FNU LNU, Defendant(s).

Index No. 508/2025

Plaintiff
[unrepresented]
Defendants
Shari D. Steinfeld, Esq. (ssteinfeld@amabile-erman.com)
Amabile & Erman, P.C.
1000 South Avenue
Staten Island, NY 10314-3407
718-370-7030

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR § 2219 (a), of the papers considered in the review:
Notice of Motion, Affirmation & Exhibits 1
Affirmation in Opposition & Exhibits 2 & 2A
Affirmation in Reply & Exhibits 3
Plaintiff's Supplemental Memorandum and Arguments 4
Affirmations of Service filed with County Clerk 5
Order to Produce dated July 31, 2025 6
Order to Produce dated August 13, 2025 7
Defendants NYU Langone/Lutheran Hospital ("NYU Langone"), Galina A. Glinik, M.D., Georgeanne McGuinness, M.D., Jochee Son, M.D., Andrew Zhu, P.A., and Olfat Doleh, R.N. filed a pre-Answer motion (Seq. No. 1) to dismiss this action pursuant to CPLR 3211 (a) (4), CPLR 3211 (a) (5), CPLR 3211 (a) (7), or CPLR 3211 (a) (8). Plaintiff opposes the motion.
Plaintiff filed this action pro se and is currently incarcerated at Metropolitan Detention Center Brooklyn, a federal prison in Kings County. In connection with this motion to dismiss, Plaintiff requested to be produced in court with disability accommodations in a letter dated July 21, 2025. The Court made contact with the Bureau of Prisons and attempted to secure Plaintiff's appearance virtually, via remote Microsoft Teams link, by an Order to Produce on August 13, 2025 and October 8, 2025. However, the Bureau of Prisons was unable to produce Plaintiff for the virtual appearance on either date. Additionally, Plaintiff requested a one-day appointment of counsel for oral argument. This is not appropriate in a civil action, nor necessary in light of his detailed opposition papers which are replete with statutory and case law citations.
Specifically, plaintiff submitted a letter and affirmation on July 21, 2025, labelled "Motion of Objections to Defendants' Motion to Dismiss" in opposition to this motion. Following Defendants' reply papers, Plaintiff subsequently submitted a further memorandum of law in opposition dated September 10, 2025. He submitted an additional letter and memorandum dated October 8, 2025, after he was unable to appear virtually on that date. This letter included a thorough outline of legal arguments which were raised in his previous papers and would have been presented at oral argument. The Court accepted Plaintiff's submissions as opposition to [*2]Defendants' motion and upon review of all papers, the motion, opposition and above noted papers were marked submitted, without oral argument.
Plaintiff's Complaint asserts claims of medical malpractice and intentional torts (assault and battery) against NYU Langone and the individually named health care providers. His claims arise from medical treatment which occurred from January 18, 2021 through February 9, 2021. Defendants move to dismiss the Complaint on multiple grounds including res judicata, the statute of limitations, and lack of personal jurisdiction.
For procedural background, Plaintiff commenced a prior action in federal court against NYU Langone on January 17, 2023, arising from the same events and occurrences, under Federal Docket 23-CV-00386 in United States District Court, E.D.NY In addition to his state law claims for assault, battery, and medical malpractice, he alleged various federal and constitutional violations.
In a decision and order dated November 25, 2024, U.S. District Judge Diane Gujarati dismissed the federal action in its entirety, upon reviewing and adopting the findings of Magistrate Judge Sanket J. Bulsara's Report and Recommendation. The R&R and dismissal expressly provided that Plaintiff's state law claims were dismissed without prejudice, and the court declined to exercise supplemental jurisdiction over those claims, including "any claim for medical malpractice." (LoCurto v NYU Langone Lutheran Hosp., 758 F Supp 3d 31 [EDNY 2024].) The dismissal order was entered on November 26, 2024.
Plaintiff commenced the instant action on the state law claims on May 27, 2025. According to the affirmations of service from Plaintiff's process server, all Defendants in this action were served on or after June 17, 2025, with the exception of Jochee Son, M.D. An "affirmation of non-service" detailing an unsuccessful attempt at service was filed for Jochee Son, M.D.
First, Defendants argue that Plaintiff's Complaint should be dismissed under CPLR 3211 (a) (4), which provides that when "there is another action pending between the same parties for the same cause of action in a court of any state or the United States, the court need not dismiss upon this ground but may make such order as justice requires." However, the duplicate action here is the federal case, which has already been dismissed and is not "pending" any decision which would potentially conflict with this matter. That ground for dismissal is therefore not applicable.
Defendants also argue that Plaintiff is barred from relitigating his claims under res judicata. As Plaintiff correctly argues in opposition, the federal action was dismissed "without prejudice" as to the claims grounded in state law. "A dismissal 'without prejudice' lacks a necessary element of res judicata — by its terms such a judgment is not a final determination on the merits" (Landau v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 [2008]). The federal court did not exercise jurisdiction over the medical malpractice or assault and battery claims, and the dismissal did not preclude Plaintiff from reviving those claims in state court. Thus, there was no "final conclusion" on identical or substantially identical causes of action as those in the instant action (see Asset Developers Corp. v Grossman, 240 AD3d 559, 561 [2d Dept 2025]; Williams v City of Yonkers, 160 AD3d 1017, 1018 [2d Dept 2018]).
Finally, Defendants argue that Plaintiff's claims should be dismissed as time-barred. "On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. If such prima facie showing is made, the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable." (RTT Holdings, LLC v Nacht, 206 AD3d 834, 835 [2d Dept 2022] [internal citations omitted].)
In support of their motion, Defendants submit medical records showing that Plaintiff was discharged from NYU Langone on February 9, 2021. Plaintiff's intentional tort claims for assault and battery expired at latest on February 9, 2022, one year after the alleged events (see CPLR 215 [3]). These claims were time-barred before the commencement of the action in federal court on January 17, 2023.
The statute of limitations for medical malpractice is two years and six months from the alleged act, omission, or failure, or the last date of continuous treatment (see CPLR 214-a). Based on the medical records, Plaintiff's medical malpractice claims expired, at latest, on August 9, 2023. These claims were timely when Plaintiff's federal action was commenced, but the statute of limitations has since expired.
Plaintiff argues in opposition that his claims were preserved under CPLR 205 (a), at least with respect to the medical malpractice claim. CPLR 205 (a) provides:
"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."
The Court notes that CPLR 205 (a) permits bringing an action in state court when the prior action was terminated in federal court (see Stylianou v Inc. Vil. of Old Field, 23 AD3d 454, 456 [2d Dept 2005]; Kleinberger v Town of Sharon, 116 AD2d 367, 370 [3d Dept 1986] ["dismissal of pendant State law claims because of insubstantial Federal claims triggers the protection of CPLR 205 [a], thereby affording plaintiffs six months within which to bring another action in State court"]).
Here, Plaintiff's prior federal action was commenced beyond the statute of limitations as to the assault and battery claims, but it was timely as to the medical malpractice claim. As the prior action was terminated without prejudice, Plaintiff was entitled to revive only the medical malpractice claim within six months under CPLR 205 (a).
The six-month savings period ran from November 26, 2025 (the date the dismissal was entered) to May 26, 2025, one day before Plaintiff filed his Summons and Complaint. As [*3]Plaintiff points out in his opposition, that date fell on Memorial Day, and there is statutory authority for courts to be lenient toward such deadlines when they fall on weekends or holidays. Under Gen. Con. Law 25-a, when a "period of time, computed from a certain day" ends on a Saturday, Sunday, or public holiday, the required action or filing may be extended to the "next succeeding business day." Accordingly, the Court finds his filing of the Summons and Complaint on May 27, 2025 was timely.
However, the plain text of CPLR 205 (a) contains two requirements: that the action is recommenced by filing and "service upon defendant is effected" within the six-month period. Defendants must be served by one of the delivery/mailing methods of CPLR 308 or other applicable statute within the six-month period. Courts have firmly held that refiling a Complaint but failing to effect proper service "within the six-month period afforded by CPLR 205 (a)" is grounds for dismissal (see Silber v Stein, 287 AD2d 494, 495 [2d Dept 2001]).
A process server's affidavit generally "gives rise to a presumption of proper service" on the dates and method described (Deutsche Bank Natl. Tr. Co. v Williams, 215 AD3d 799, 800 [2d Dept 2023]). In this case, the affirmations of service filed with the County Clerk set forth that NYU Langone and Georgeanne McGuinness, M.D. were served the Summons and Complaint on June 17, 2025; Galina A. Glinik, M.D. and Olfat Doleh, R.N. were served on July 14, 2025; Andrew Zhu, P.A. was served on July 19, 2025; and an "unsuccessful attempt" at service was made on Jochee Son, M.D. on June 17, 2025. Based on these affirmations, Plaintiff did not serve any of the defendants within the six-month period ending May 26, 2025 or the next succeeding business day.
Accordingly, this Court is constrained by the existing law to find CPLR 205 (a) is not applicable to render this action timely, because Plaintiff did not meet the requirement of serving any of the defendants within six months after the federal action was terminated. While the intent of CPLR 205 (a) is to preserve a plaintiff's claims in the face of procedural deficiencies and technicalities, "the important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts" (Gaines v City of New York, 215 NY 533, 533 [1915] [emphasis added]). The six-month service requirement is a limitation on the statute's remedial purpose, and it overrides the general rule of serving defendants within 120 days of the Summons under CPLR 306-b (see Mira v Media, 222 AD3d 528, 529 [1st Dept 2023], appeal dismissed sub nom. Mira v Argus Media, 42 NY3d 942 [2024]). Further, granting an extension of time for service is not an available remedy, because without compliance with CPLR 205 (a), the action is time-barred (see Stein v Davidow, Davidow, Siegel & Stern, LLP, 186 AD3d 774, 775-776 [2d Dept 2020]).
Plaintiff cites to Malay v City of Syracuse (25 NY3d 323, 328-329 [2015]), in which the Court of Appeals held that "where an appeal is taken as a matter of right, or where discretionary appellate review is granted on the merits," the six-month period of CPLR 205 (a) does not begin until that appeal is "exhausted, either by a determination on the merits or by dismissal of the appeal." Here, however, there is no evidence that Plaintiff obtained a discretionary review from a higher court or appealed the dismissal as of right within 30 days. Unlike in Malay and similar cases, there was no subsequent appeal and dismissal, and the prior action's "termination" can only be measured from November 26, 2024, the date of entry of Judge Gujarati's order [*4]dismissing the action (see U.S. Bank N.A. v Navarro, 188 AD3d 1282 [2d Dept 2020]; U.S. Bank N.A. as Tr. for RMAC Tr., Series 2016-CTT v Farrell, 200 AD3d 1707 [4th Dept 2021]).
Plaintiff's additional arguments to toll the statute of limitations on the basis of equity and fairness are also inapplicable in this case. "Equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (Vigliotti v N. Shore Univ. Hosp., 24 AD3d 752, 754-755 [2d Dept 2005]). There is no evidence that Plaintiff's delay was induced by NYU Langone or the individually named defendants through fraud or misrepresentation.
While this Court acknowledges the difficulties in bringing a timely civil suit due to his incarcerated status, and the relatively short delay in serving NYU Langone approximately three weeks after the six-month period, the Court will not disregard the statute of limitations and Plaintiff's failure to comply with CPLR 205 (a) (see Deutsche Bank Natl. Tr. Co. v Booker, 221 AD3d 579 [2d Dept 2023]).
Accordingly, it is hereby:
ORDERED that Defendants' motion (Seq. No. 1) to dismiss Plaintiff's Complaint pursuant to CPLR 3211 (a) (5) on the grounds that it is time-barred by the statute of limitations, is granted; and the action is dismissed in its entirety with prejudice.
This constitutes the decision and order of this Court.
ENTER.
Hon. Consuelo Mallafre Melendez
J.S.C.